J-S16010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RALPH EDWARD CRAIG, JR. :
:
Appellant : No. 1283 MDA 2018

Appeal from the Order Entered July 5, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006406-2017

BEFORE: OTT, J.*, MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED: APRIL 14, 2020**

Ralph Edward Craig, Jr. (Appellant) appeals from the order designating him a sexually violent predator (SVP) under the Pennsylvania Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. For the reasons that follow, we affirm.[1]

Appellant was convicted of two counts of sexual assault[2] arising from an incident that occurred in the Lancaster County Prison on September 26, 2017. On February 28, 2018, Appellant entered a *nolo contendere* plea. The same day, the trial court sentenced Appellant to 8 to 20 years of incarceration. The court also ordered Appellant to undergo an evaluation by the Sexual Offenders Assessment Board (SOAB).

---

[1] This case was reassigned to this author on October 18, 2019.

[2] 18 Pa.C.S.A. § 3124.1.

*Judge Ott did not participate in this decision.

On July 3, 2018, Appellant filed a motion to vacate the order for an SOAB assessment. Appellant asserted that this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), **appeal granted**, 190 A.3d 581 (Pa. 2018), precluded the trial court from designating him as an SVP. Before ruling on Appellant's motion, the trial court on July 5, 2018 convened a hearing on the SOAB's assessment. At the conclusion of the hearing, the trial court entered the underlying order designating Appellant an SVP. On July 9, 2018, the trial court formally denied Appellant's motion to vacate the order for an SOAB assessment. On August 3, 2018, Appellant filed this timely appeal.[3]

Appellant presents the following issue for our review:

Did the trial court err in finding that [Appellant] could be designated a sexually violent predator, where SORNA II constitutes criminal punishment, thus requiring that the determination of whether a defendant is a sexually violent predator must be made by the defendant's chosen fact-finder beyond a reasonable doubt?

Appellant's Brief at 4 (unnumbered).

In his sole issue, Appellant argues that his SVP designation is unconstitutional. Appellant relies primarily on our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and this Court's

---

[3] On August 6, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On August 27, 2018, Appellant filed a timely Rule 1925(b) statement.

subsequent decision in **Butler**. Appellant asserts that these cases hold that the current procedure for SVP designation is unconstitutional. In light of our Supreme Court's recent decision in **Commonwealth v. Butler**, 25 WAP 2018, ___ A.3d ___ (Pa. Mar. 26, 2020), we conclude that Appellant's SVP designation was proper.

At the outset, we acknowledge that a challenge to the SORNA registration requirements presents a legality of sentence issue. **Commonwealth v. Horning**, 193 A.3d 411, 414 (Pa. Super. 2018). "Because [these] issue[s] present[] a question of law, our standard of review is *de novo* and our scope of review is plenary." **Id.**

"The Pennsylvania General Assembly passed SORNA as Act 111 of 2011, signed December 20, 2011. In so doing, it provided for the expiration of prior registration requirements, commonly referred to as Megan's Law, 42 Pa.C.S.A. §§ 9791–9799.9, as of December 20, 2012, and for the effectiveness of SORNA on the same date." **In re J.B.**, 107 A.3d 1, 3 (Pa. 2014). In **Muniz**, our Supreme Court addressed the constitutionality of SORNA's sex offender registration and reporting requirements. The Court concluded that retroactive application of SORNA's registration and reporting requirements violated *ex post facto* prohibitions under both the United States and Pennsylvania Constitutions. **Muniz**, 164 A.3d at 1223. The **Muniz** Court reasoned that despite the legislature's characterization of SORNA's provisions as civil, its registration and reporting requirements were in fact punitive, and therefore

criminal in nature. ***Id.*** at 1196, 1218. Consequently, as criminal punishment, the Supreme Court determined that trial courts may not apply SORNA's registration and reporting provisions to criminal defendants for offenses committed prior to SORNA's effective date. ***See id.*** at 1218; ***see also Commonwealth v. Lippincott***, 208 A.3d 143, 150 (Pa. Super. 2019) (*en banc*) (explaining that "application of SORNA to sex offenders for offenses committed before its effective date violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions"). While ***Muniz*** is not a majority decision, the concurring opinion joins the Supreme Court's lead opinion to the extent it concludes that SORNA is punitive and that courts cannot retroactively apply registration and reporting provisions to criminal defendants. ***See Muniz***, 164 A.3d at 1232-33 (Wecht, J., concurring).

This Court subsequently applied ***Muniz*** in addressing the constitutionality of SORNA's SVP designation procedures in ***Butler***. In addressing the constitutionality of Pennsylvania's procedural mechanism for SVP designation, this Court in ***Butler*** first recognized that "[i]n [***Apprendi v. New Jersey***, 530 U.S. 466 (2013)], the Supreme Court of the United States held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ***Butler***, 173 A.3d at 1216 (quoting ***Commonwealth v. Conaway***, 105 A.3d 755, 761 (Pa. Super. 2014)). We further recognized that in ***Alleyne v. United States***, 570

U.S. 99 (2013), "the [Supreme Court of the United States] held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." *Butler*, 173 A.3d at 1217 (quoting *Conaway*, 105 A.3d at 761).

Mindful of *Apprendi*, *Alleyne*, and *Muniz*, this Court in *Butler* held that Pennsylvania's statutory procedure for SVP designation was unconstitutional. *Id.* at 1217-18. We reasoned:

> [O]ur Supreme Court's holding that registration requirements under SORNA constitute a form of criminal punishment is dispositive of the issue presented in this case. In other words, since our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under *Apprendi* and *Alleyne*, a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,]" 42 Pa.C.S.A. § 9799.12, that increases the length of registration **must be found beyond a reasonable doubt** by the chosen fact-finder. **Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP**. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny. Accordingly, we are constrained to hold that section 9799.24(e)(3) is unconstitutional and Appellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

*Id.* at 1217-18 (emphasis added).

The Pennsylvania Generally Assembly sought to resolve the constitutional defects of SORNA by passing legislation to replace the invalidated provisions addressed by *Muniz* and *Butler* ("Act 10" on February 21, 2018, amended and reenacted as "Act 29" on June 12, 2018, hereinafter

SORNA II).[4]  Notably, SORNA II did not amend the SVP procedures of 42 Pa.C.S.A. § 9799.24, which was the specific statute pursuant to which the trial court, in this case, designated Appellant an SVP.  **See** Trial Court Opinion, 10/3/18, at 1.

On March 26, 2020, however, the Pennsylvania Supreme Court reversed this Court's **Butler** decision.  **See Butler**, 25 WAP 2018 at 30-31.  Specifically, our Supreme Court held that the registration, notification, and reporting (RNC) requirements "applicable to SVPs **do not constitute criminal punishment**," and therefore, SORNA's procedural mechanism for designating sex offenders as SVPs set forth in Section 9799.24 does not violate "the principles set forth in **Apprendi** or **Alleyne**[.]"  **Id.** at 30-31 (citing **Commonwealth v. Lee**, 935 A.2d 865, 880 (Pa. 2007) (**Apprendi** claims cannot succeed where sanctions do not constitute punishment)).  The Supreme Court explained:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment.  This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be

_____

[4]  The General Assembly enacted SORNA on December 20, 2011.  SORNA became effective on December 20, 2012.  The General Assembly amended SORNA on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018.  The Legislature further amended SORNA on June 12, 2018, by H.B. 1952, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 29 of 2018.

dangerously mentally ill.  Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

*Id.* at 30 (citation omitted).

Given our Supreme Court's recent pronouncement in **Butler**, we conclude that the procedure by which the trial court imposed Appellant's SVP designation in this case was constitutional.  ***See id.***  Accordingly, we affirm the trial court's July 5, 2018 order that designated him as an SVP.

Order affirmed.

Judge Musmanno joins the memorandum.

Judge Ott did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/14/2020